DOWNEY, Chief Judge.
Appellant seeks review of a final judgment dismissing his complaint for lack of subject matter jurisdiction.
By complaint for declaratory judgment, injunctive relief and damages, appellant alleged that the appellee School Board had improperly demoted him “financially and professionally” by abolishing his position as a coordinator of special education for physically handicapped students. In pertinent part appellant’s complaint alleges that a) he is a party to a continuing contract with appellee as a coordinator within the Exceptional Student Department of the School Board, b) under the guise of “reorganization” or “consolidation” the appellee abolished four coordinator positions based upon specialized areas within the Exceptional *141 Student Education Program and divided said positions up with new coordinators on a geographical basis, c) said action was taken without compliance with Sections 120.53 and 120.54, Florida Statutes (1975), d) ap-pellee’s action was arbitrary and unreasonable in derogation of the appellant’s rights under his contract, e) appellant had previously filed suit in the Circuit Court of Bro-ward County but the suit was dismissed on the grounds that relief, if any, was available under the Administrative Procedure Act. Finally, appellant alleges that thereafter he filed a petition pursuant to Section 120.57, Florida Statutes (1975), requesting a hearing to determine the validity of appel-lee’s action. However, appellee refused to take any action thereon, neither granting nor denying the petition.
In his brief appellant contends that ap-pellee did not give him notice of its impending action to reorganize the department and eliminate him as a supervisor. It is appellant’s position that he was entitled to notice and an opportunity to be heard, pursuant to Sections 120.53, 54 and 57. After dismissal of his first suit, appellant petitioned appel-lee for a hearing and he received no response. Thus, there does not appear to be any basis for judicial review pursuant to Section 120.68, Florida Statutes (1975).
Appellant’s complaint, among other things, requests the circuit court to require the appellee to grant him a hearing on his petition. It appears to us that, given the allegations of his complaint, appellant is entitled to an opportunity to prove those allegations concerning the violations of Chapter 120 and the agency’s refusal to rule on his petition for a hearing. Should appellant be successful in proving said allegations, the circuit court should require the appellee to hold a hearing on appellant’s petition, after which appellant will have an avenue for judicial review under Chapter 120, Florida Statutes.
Accordingly, the judgment appealed from is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED with directions.
ANSTEAD and GLICKSTEIN, JJ., concur.